1   Ralph C. Loeb (#38381)
      Email: ralph@kranesmith.com
2   **KRANE & SMITH**
    16255 Ventura Boulevard,
3   Suite 600
    Encino, California 91436
4
    Tel: (818) 382-4000
5   Fax: (818) 382-4001

6   Attorneys for Plaintiff
    DALLAS PAGE
7

FILED

10 AUG 31  PM 3: 49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10  DALLAS PAGE, an individual,          CASE NO. **CV 10 6527** - DDP
                                                              (SSx)
11                  Plaintiff,
                                          **PLAINTIFF DALLAS PAGE'S**
12        vs.                             **COMPLAINT FOR:**

13  3OH!3, LLC, a Colorado limited       **(1)    TRADE MARK INFRINGEMENT**
14  liability company,                   **        UNDER LANHAM ACT §32;**
                                          **        15 U.S.C. §1114;**
15                  Defendant.           **(2)    VIOLATION OF LANHAM ACT**
                                          **        §43(a), 15 U.S.C., §1125(a);**
16                                        **(3)    COMMON LAW TRADEMARK**
                                          **        INFRINGEMENT; AND**
17                                        **(4)    UNFAIR COMPETITION;**

18                                        **DEMAND FOR TRIAL BY JURY**

19

20

21

22

23

24

25

26

27

28  F:\CLIENTS\PAGE-DALLAS\3OH!3 MATTER\COMPLAINT01.wpd          1

                              COMPLAINT

Plaintiff DALLAS PAGE, alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) and supplemental jurisdiction over Dallas Page's claims arising under state law pursuant to 28 U.S.C. § 1367.

2.     Venue in this Court is proper under 28 U.S.C. §1391 because Defendant does business in this district and a substantial portion of the events or omissions giving rise to Dallas Page's claims occurred in this district.

### PARTIES

3.     Plaintiff Dallas Page, a/k/a "Diamond Dallas Page" and "Page Falkinburg," is an individual residing in this district. Dallas Page has been in the entertainment industry since 1988 as a professional wrestler, actor, inspirational speaker, health and fitness instructor and author.

4.     Plaintiff is informed and believes, and on that basis alleges, that Defendant 3OH!3 ("Defendant"), is a Colorado limited liability company which offers goods and services of the musical group known as 3OH!3 in this district.

### GENERAL ALLEGATIONS

**A.     Plaintiff Dallas Page and The Diamond Cutter Trademark**

5.     Since 1988, Dallas Page has been an active participant in the entertainment industry. Plaintiff began his entertainment career as a professional wrestling manager, became a commentator and eventually became one of the professional wrestling's most popular and recognizable world champions.

6.     Beginning in 1995, Dallas Page created and developed a hand sign consisting of two hands touching at the index finger and thumb to form the shape of a diamond ("Diamond Cutter Trademark"), to promote his persona in the

F:\CLIENTS\PAGE-DALLAS\3OH!3 MATTER\COMPLAINT01.wpd                    2

entertainment industry.  Dallas Page has continuously used variations of the
Diamond Cutter Trademark in commerce since that time.  Two variations of the
Diamond Cutter Trademark displayed on t-shirts being sold by Dallas Page are
attached hereto as Exhibit "A".

7.     Furthermore, Dallas Page is the owner of Federal Registrations of
variations of the Diamond Cutter Trademark on the Principal Register of the
United States Patent and Trademark Office, i.e., U.S. Reg. Nos. 3295332 and
3418802 ("Registered Diamond Cutter Trademarks").

8.     As Plaintiff's popularity increased, so did the Diamond Cutter
Trademark, which had become associated with Dallas Page.  At every wrestling
event, Plaintiff's flash of the Diamond Cutter Trademark would cause the entire
crowd to jump out of their seats and put there hands together in the shape of a
diamond towards Plaintiff mimicking the Diamond Cutter Trademark.

9.     Plaintiff continually used his hand symbol, i.e., the Diamond Cutter
Trademark, in conjunction with the execution of his signature finishing move, the
Diamond Cutter, at every wrestling match.  Dallas Page also used the Diamond
Cutter Trademark at every appearance, inside and outside of the wrestling arena,
to promote his image and entertainment persona.  Plaintiff's appearances and use
of the Diamond Cutter Trademark in wrestling matches and at wrestling events
have been taped, broadcasted and watched by millions of viewers around the
world.

10.     Plaintiff's popularity and association with his Diamond Cutter
Trademark has not been limited to only the general public, but is also well
recognized by celebrities, entertainers, and sports figures.  Celebrities such as
Whoopi Goldberg, members of the band KISS, and Jay Leno have flashed Plaintiff
the Diamond Cutter Trademark at public appearances.  As a further example, in
Game 6 of the 1998 NBA finals against the Chicago Bulls, Karl Malone, the Utah

F:\CLIENTS\PAGE-DALLAS\J0H13 MATTER\COMPLAINT01.wpd                3

Jazz star basketball player, flashed the Diamond Cutter Trademark during the
game and referred to the symbol as Plaintiff's hand sign.  Similarly, former
professional football player and Dallas Cowboy star running back, Herschel
Walker used the Diamond Cutter Trademark after a 64 yard touchdown run and
also acknowledged that it was Plaintiff's signature trademark.

11.    Due to his enormous popularity, Plaintiff has sold merchandise,
including t-shirts, hats, stationary, posters and action figures, of his persona
bearing his Diamond Cutter Trademark.   A true and correct copy of a page from
the store on Plaintiff's website, www.ddpbang.com, displaying merchandise
bearing the Diamond Cutter Trademark is attached hereto as Exhibit "B".

12.    Over the years,  Plaintiff has expanded the use of the Diamond Cutter
Trademark outside of his wrestling career to his entertainment services as an actor,
inspirational speaker, health and fitness instructor and author.

13.    As an actor, Plaintiff has already starred in twelve feature films,
including "Vengeance", "Snoop Dogg's Hood of Horrow", "Devil's Rejects",
"The Rat Race" and "Ready to Rumble", and has appeared in numerous television
shows, including "The Tonight Show", "Larry King Live", "The Martin Short
Show", "Live! with Regis & Kathie Lee", "Roseanne", and "Hollywood Squares".

14.    As a health and fitness instructor and author, Plaintiff has published
and created an instructional guide called <u>Yoga For Regular Guys</u>, which features a
variation of his Diamond Cutter maneuver as one of the exercises.  Plaintiff's
Diamond Cutter Trademark is featured throughout <u>Yoga For Regular Guys</u>, and in
prior books of Plaintiff.

15.    Dallas Page is known to the public through the Diamond Cutter
Trademark, not only as a result of Plaintiff's use and promotion of the mark, but
also as a result of receiving substantial unsolicited media attention.  For example,
Dallas Page and the Diamond Cutter Trademark have been featured in the

1  following publications, among others *The Los Angeles Times, Daily Variety,*

2  *Hollywood Reporter* and *Screen International.*  Plaintiff also appeared on

3  multitudes of magazine publications showing the Diamond Cutter Trademark.

4      16.    As a result of Dallas Page's use and promotion of the Diamond Cutter

5  Trademark, the quality of the products and services offered under the Diamond

6  Cutter Trademark and media recognition of the Diamond Cutter Trademark, the

7  Diamond Cutter Trademark is well-known to those in the entertainment and sports

8  industries.  Furthermore, the Diamond Cutter Trademark enjoys significant

9  goodwill throughout the United States.

10      17.    By virtue of his nationwide use of the Diamond Cutter Trademark,

11  Dallas Page is the owner of the Diamond Cutter Trademark, and has the right to

12  bar the use of confusingly similar marks for the same or related goods and services

13  as those Dallas Page offers under his mark.

14  **B.    Defendant and Its Infringement and Misappropriation of The Diamond**

15      **Cutter Trademark**

16      18.    Notwithstanding, Plaintiff's rights in and to the Diamond Cutter

17  Trademark, Defendant has misappropriated Plaintiff's Diamond Cutter trademark

18  hand sign to promote its apparel, entertainment services, and other products.

19      19.    On information and belief, at the time Defendant began using

20  Diamond Cutter Trademark, it knew of Plaintiff's prior adoption, ownership, and

21  widespread use of his Diamond Cutter Trademark, and knew of the valuable

22  goodwill and reputation acquired by Dallas Page in his Diamond Cuter

23  Trademark.

24      20.    Upon information and belief, Defendant has used and continues to

25  use, the Diamond Cutter Trademark, which is Plaintiff's trademark, in order to

26  capitalize on the goodwill of Plaintiff.

27      21.    Upon information and belief, Defendant's use in commerce of the

28  F:\CLIENTS\PAGE-DALLAS\30H13 MATTER\COMPLAINT01.wpd          5

1 | Diamond Cutter Trademark for apparel, entertainment services and other products
2 | and services, has caused and is likely to continue to cause, confusion, deception,
3 | and mistake in the minds of the public with respect to the source and origin of
4 | Defendant's products and services, in that the public and those in the
5 | entertainment and apparel industry will believe that Plaintiff is the source of origin
6 | of such products and services, is affiliated with Defendant and/or Defendant's
7 | products or services, or has sponsored, approved, or licensed Defendant's use of
8 | the Diamond Cutter Trademark and/or Defendant's products and services offered
9 | under such marks. Upon information and belief, the respective marks used by the
10 | parties are confusingly similar and have caused, and are likely to continue to
11 | cause, confusion amongst potential purchasers of the parties' goods and services.

12 |     22.    Alternatively, Defendant's use in commerce of the Diamond Cutter
13 | Trademark for entertainment and apparel services has caused, and is likely to
14 | continue to cause, a reverse confusion, deception, and mistake in the minds of the
15 | public with respect to the source and origin of Defendant's services and products,
16 | in that the public and those in the entertainment and apparel industry believe that
17 | Defendant is the source of origin of Plaintiff's services and products, are affiliated
18 | with Plaintiff and/or Plaintiff's services and products, or has sponsored, approved,
19 | or licensed Plaintiff's use of the Diamond Cutter Trademark and/or Plaintiff's
20 | services and products offered under such mark. Upon information and belief, the
21 | respective marks used by the parties are confusingly similar and have caused, and
22 | are likely to continue to cause, reverse confusion amongst potential purchasers of
23 | the parties' goods and services.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under Lanham Act §32, 15 U.S.C. §1114)

26 |     23.    Dallas Page hereby incorporates by reference the statements and
27 | allegations contained in paragraphs 1-22 as if fully stated herein.

28 | F:\CLIENTS\PAGE-DALLAS\30H!3 MATTER\COMPLAINT01.wpd           6

COMPLAINT

24.     The aforesaid acts of Defendant constitute infringement of the Registered Diamond Cutter Trademarks, in violation of Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. §1114(1).

25.     By reason of the acts of Defendant alleged herein, Dallas Page has suffered, is suffering and will continue to suffer damages and irreparable injury. Unless Defendant is restrained from continuing its wrongful acts, the damage to Dallas Page will increase.  Dallas Page has no adequate remedy at law.

26.     Dallas Page is further entitled to recover from Defendant his actual damages sustained as a result of Defendant's wrongful acts. Dallas Page is presently unable to ascertain the full extend of the monetary damages he has suffered by reason of Defendant's wrongful acts.

27.     Dallas Page is further entitled to recover from Defendants the gains, profits and advantages that Defendant has obtained as a result of its wrongful acts. Dallas Page is presently unable to ascertain the extent of the gains, profits and advantages Defendant has realized by reason of its wrongful acts.

28.     Because of the willful nature of Defendant's wrongful acts, Dallas Page is entitled to an award of treble damages pursuant to 15 U.S.C. §1117.

## SECOND CLAIM FOR RELIEF

### (Violation of Lanham Act §43(a), 15 U.S.C. §1125(a))

29.     Dallas Page hereby incorporates by reference the statements and allegations contained in paragraphs 1-28 as if fully stated herein.

30.     Defendant's actions constitute unfair competition and a false designation of origin in violation of 15 U.S.C. §1125(a).

31.     As a direct and proximate result of Defendant's wrongful acts, Dallas Page has suffered and continues to suffer damages and irreparable injury. Defendant will continue, unless restrained, to use the Diamond Cutter Trademark and will cause irreparable damage to Dallas Page. Plaintiff has no adequate

F:\CLIENTS\PAGE-DALLAS\30H13 MATTER\COMPLAINT01.wpd                7

1   remedy at law and is entitled to an injunction restraining Defendant, its partners,

2   managers, representatives, businesses, agents and employees, and all persons

3   acting in concert with Defendant, from engaging in further acts of unfair

4   competition and false designation of origin.

5       32.   Dallas Page is further entitled to recover from Defendant his actual

6   damages sustained as a result of Defendant's wrongful acts. Dallas Page is

7   presently unable to ascertain the full extend of the monetary damages he has

8   suffered by reason of Defendant's acts of unfair competition and false designation

9   of origin.

10      33.   Dallas Page is further entitled to recover from Defendants the gains,

11  profits and advantages that Defendant has obtained as a result of its wrongful acts.

12  Dallas Page is presently unable to ascertain the extent of the gains, profits and

13  advantages Defendant has realized by reason of its acts of unfair competition and

14  false designation of origin.

15      34.   Because of the willful nature of Defendant's wrongful acts, Dallas

16  Page is entitled to an award of treble damages pursuant to 15 U.S.C. §1117.

17                    **THIRD CLAIM FOR RELIEF**

18               **(Common Law Trademark Infringement)**

19      35.   Dallas Page hereby incorporates by reference the statements and

20  allegations contained in paragraphs 1-34 as if fully stated herein.

21      36.   Upon information and belief, Defendant's use in commerce of the

22  Diamond Cutter Trademark has caused, and is likely to continue to cause,

23  confusion with respect to the source and origin of Defendant's goods and services,

24  and has caused and is likely to continue to cause, confusion or mistake and to

25  deceive consumers as to the affiliation, connection, or association of Dallas Page

26  with Defendant.

27      37.   Defendant's acts constitute infringement of the Diamond Cutter

28  F:\CLIENTS\PAGE-DALLAS\30H13 MATTER\COMPLAINT01.wpd            8

---

1  Trademark in violation of common law.

2      38.   As a direct and proximate result of Defendant's wrongful acts, Dallas

3  Page has suffered and continues to suffer damage to his business reputation and

4  goodwill. Defendant will continue, unless restrained, to use the Diamond Cutter

5  Trademark or designs or marks confusingly similar thereto, and will cause

6  irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is

7  entitled to an injunction restraining Defendant, its partners, managers,

8  representatives, businesses, agents and employees, and all persons acting in

9  concern with Defendant, from engaging in further acts of trademark infringement.

10      39.   Dallas Page is further entitled to recover from Defendant his actual

11  damages sustained as a result of their wrongful acts. Plaintiff is presently unable to

12  ascertain the full extent of the monetary damages he as suffered by reason of

13  Defendant's acts of trademark infringement.

14      40.   Dallas Page is further entitled to recover from Defendant the gains,

15  profits and advantages that Defendant has obtained as a result of its wrongful acts.

16  Dallas Page is presently unable to ascertain the full extent of the gains, profits and

17  advantages Defendant has realized by reason of its acts of trademark infringement.

18      41.   Upon information and belief, because of the willful nature of

19  Defendant's wrongful acts, Dallas Page is entitled to an award of punitive

20  damages under the common law.

21                **FOURTH CLAIM FOR RELIEF**

22               **(California Unfair Competition)**

23      42.   Dallas Page hereby incorporates by reference the statement sand

24  allegations contained in paragraphs 1-41 as if fully stated herein.

25      43.   Defendant's actions constitute unfair competition under the statutory

26  law of California, including Cal. Bus. & Prof. Code §17200, *et seq*., and under the

27  common law of the State of California.

28  F:\CLIENTS\PAGE-DALLAS\30H!3 MATTER\COMPLAINT01.wpd     9

44.     As a direct and proximate result of Defendant's wrongful acts, Dallas Page has suffered and continues to suffer damage to his business reputation and goodwill. Defendant will continue, unless restrained, to use the Diamond Cutter Trademark and will cause irreparable damage to Dallas Page. Dallas Page has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with Defendant, from engaging in further acts of unfair competition.

45.     Dallas Page is further entitled to recover from Defendant his actual damages sustained as a result of Defendant's wrongful acts. Dallas Page is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendant's acts of unfair competition.

46.     Dallas Page is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its wrongful acts. Dallas Page is presently unable to ascertain the extent of the gains profits and advantages Defendant has realized by reason of its acts of unfair competition.

47.     Because of the willful nature of Defendant's wrongful acts, Dallas Page is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dallas Page prays that this Court enter judgment against Defendant as follows:

1.     Finding that Defendant has infringed Dallas Page's Diamond Cutter Trademark under 15 U.S.C., §1114 and the common law, have violated 15 U.S.C. §1125(a), have unfairly competed with Dallas Page by falsely designating the origin of its services and products, has engaged in other acts of unfair competition under Cal. Bus. &Prof. Code §17200 and the common law;

2.     Ordering that Defendant and its partners, managers, representatives, businesses, officers, agents, servants, employees, and attorneys and all persons in

active concert or participation with Defendant, or with any of the foregoing, be enjoined preliminary during the pendency of this action and permanently thereafter from:

      a.    Promoting, advertising, publicizing, offering for sale, or selling any entertainment services, or any other services or products under the Diamond Cutter Trademark, or any other mark, name symbol, or logo that incorporates or is confusingly similar or substantially similar to the Diamond Cutter Trademark;

      b.    Promoting, advertising, publicizing, offering for sale, or selling any entertainment services, apparel or any other services or products under the Diamond Cutter Trademark or any other mark, name, symbol, or logo which is likely to cause confusion or cause mistake or to deceive persons into the erroneous belief that Defendant's services originate from Dallas Page, that Defendant or its services are authorized by Dallas Page, endorsed by Dallas Page, sponsored or licensed by Dallas Page, or connected in some way with Dallas Page or his trademark;

      c.    Using false designating of origin or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Dallas Page and from otherwise interfering with, or injuring the Diamond Cutter Trademark or the goodwill associated therewith;

      d.    Engaging in any act which dilutes the distinctive quality of the Diamond Cutter Trademark and/or injures Dallas Page's business reputation;

      e.    Representing or implying that Defendant is in any way sponsored by, affiliated with, or endorsed or licensed by Dallas Page.

    3.    Ordering that Defendant be required to deliver to Dallas Page or destruction all products, advertisements, promotional materials, business cards, stationery, and promotional items which bear the Diamond Cutter Trademark, or any other trademarks, names, or logo that are confusingly similar or substantially

F:\CLIENTS\PAGE-DALLAS\30H13 MATTER\COMPLAINT01.wpd

11

1  similar to the Diamond Cutter Trademark;

2       4.     Granting an award of damages suffered by Dallas Page according to

3  proof at the time of trial herein;

4       5.     Ordering that Defendant's account to Dallas Page for any and all

5  profits earned as a result of Defendant's aforesaid acts of infringement in violation

6  of Dallas Page's rights under the Lanham Act, Cal. Bus. & Prof. Code §17200, *et*

7  *seq.*, and the common law;

8       6.     Granting an award of three times the amount of compensatory

9  damages and profits; and

10      7.     Granting statutory damages for willful use of a counterfeit mark

11  pursuant to 15 U.S.C. §1117(c).

12      8.     Granting an award of punitive damages for the willful and wanton

13  nature of Defendant's aforesaid acts;

14      9.     Granting an award of prejudgment interest.

15      10.    Granting an award of Dallas Page's costs, expenses and reasonable

16  attorneys' fees; and

17      11.    Granting such other and further relief as is just and proper.

18  DATED: August 31, 2010              KRANE & SMITH

19

20

21                               By: _____
                                     RALPH C. LOEB
22                                   Attorneys for Plaintiff
                                     DALLAS PAGE
23

24

25

26

27

28  F:\CLIENTS\PAGE-DALLAS\30H!3 MATTER\COMPLAINT01.wpd            12

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.


DATED: August 31, 2010          KRANE & SMITH



By: _____
          RALPH C. LOEB
     Attorneys for Plaintiff
     DALLAS PAGE

F:\CLIENTS\PAGE-DALLAS\JOHII3 MATTER\COMPLAINT01.wpd          13

COMPLAINT